IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSE EDUARDO CASTRO QUIRINO,

      Petitioner,

v.                                                                              No. CV 09-0342 RB/GBW

T. HATCH,

      Respondent.

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on consideration of Petitioner Jose Quirino's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed April 3, 2009 (*Doc. 1*), and Respondent's motion to dismiss, filed August 6, 2009 (*Doc. 14*). Since Mr. Quirino filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), its standards apply to this case. *See Abdul-Kabir v. Quarterman*, 550 U.S. 233, 246 (2007); *DeLozier v. Sirmons*, 531 F.3d 1306, 1319 (10th Cir. 2008). Respondent asserts that the petition is a second or successive petition and should be dismissed with prejudice. *See Doc. 8 at 5-8*. I agree and recommend the petition be dismissed with prejudice pursuant to 28 U.S.C. § 2244(b).

## Background

On March 29, 2001, Petitioner was convicted following a jury trial in the Twelfth Judicial District, Otero County, of New Mexico, in No. CR 2000-15, of the following

crimes: one count of Bribery or Intimidation of a Witness: Retaliation Against of Witness, a third degree felony; one count of Aggravated Battery Against a Household Member, a third degree felony; and one count of Criminal Sexual Penetration in the Third Degree, a third degree felony. *Doc. 14*, Exhibit A. In addition, Petitioner pleaded no contest to being a habitual offender with two prior felony convictions. *Id.* As a result of the foregoing, Petitioner was sentenced to a total prison term of twenty-two years, to be followed by a mandatory parole term of two years. *Id.*

Petitioner timely filed a direct appeal to the New Mexico Court of Appeals, which was denied on October 9, 2001. *See Castro-Quirino v. Blair, et al*, No. CIV-03-0753 (D.N.M. Nov. 29, 2006), *Doc. 18*. Petitioner then sought certiorari review of his direct appeal from the New Mexico Supreme Court, which denied this review on January 25, 2002. *Id.* On February 11, 2003, Petitioner filed a petition for writ of habeas corpus in state district court, which was denied on February 25, 2003. *Id.* Petitioner sought a writ of certiorari from the New Mexico Supreme Court, which was rejected as untimely on May 6, 2003. *Id.*

Following this, Petitioner filed a federal petition for a writ of habeas corpus before this Court on June 25, 2003. *See Castro-Quirino v. Blair, et al*, No. CIV-03-0753 (D.N.M. Nov. 29, 2006) ("*Quirino I*"). That petition raised several issues including an ineffective assistance of trial counsel claim, a double jeopardy violation, deprivation of a

fair trial due to prosecutorial misconduct, and denial of due process by judicial misconduct. *See id.* at Doc. 1. All of these claims were considered by the district court and dismissed with prejudice. *Id.* at Doc. 27. On July 11, 2007, the Tenth Circuit refused to grant Petitioner a Certificate of Appealability, and the dismissal of his habeas petition was upheld. *Id.* at Doc. 31. Petitioner filed this second federal habeas petition on April 3, 2009. *Doc. 1.*

## Analysis

In his second petition, Petitioner raises four claims: ineffective assistance of counsel, both at the trial and appellate level; prosecutorial misconduct; judicial misconduct (bias and abuse of discretion); and fundamental error. *See Doc. 1.* AEDPA, codified as 28 U.S.C. § 2244, established a clear methodology for handling claims brought in a second or successive habeas application:

> First, any claim that has already been adjudicated in a previous petition must be dismissed. § 2244(b)(1). Second, any claim that has not already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. § 2244(b)(2). Third, before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions. § 2244(b)(3).

*Gonzalez v. Crosby*, 545 U.S. 524, 529-30 (2005).

Petitioner's claims of ineffective assistance of trial counsel, prosecutorial

misconduct, and judicial misconduct were raised and adjudicated in Petitioner's previous federal habeas application brought before this Court. *See Quirino I* at Doc. 1, Doc. 18, & Doc. 27. Accordingly, these claims must be dismissed outright. *See* § 2244(b)(1); *Gonzalez*, 545 U.S. at 529-30.

Petitioner's remaining claims, ineffective assistance of appellate counsel and claims of fundamental error were not adjudicated in his previous federal habeas petition, and thus Petitioner must show that these claims "rel[y] on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence." *Gonzalez*, 545 U.S. at 530; *see also* § 2244(b)(2)(A)-(B). Moreover, pursuant to § 2244(b)(3)(A), before this Court can consider Petitioner's second or successive claim, he must apply to the Tenth Circuit Court of Appeals for an order authorizing such review. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). Absent such authorization, this Court lacks jurisdiction to consider the merits of Petitioner's § 2254 claims. *Id.* at 1251.

In his petition, Petitioner does not allege that he has obtained the necessary authorization from the Tenth Circuit to file a second or successive § 2254 application, nor has the Court discovered any evidence of such authorization.[1] Therefore, the Court

---

[1] In his Objections to Defendant's Motion to Hold the Filing of the Answer in Abeyance, Petitioner states, "the Petitioner has also filed authorization to the 10th Circuit to file a second or successive Petition 28 U.S.C. . . ." *Doc. 17* (objecting to Doc.

must either dismiss the application for lack of jurisdiction or, if it is in the interest of justice, transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *See id*. at 1252.

The factors to consider in deciding whether a transfer, as opposed to a dismissal, is in the interest of justice include: (1) whether the claims would be time-barred if newly filed in the proper forum, (2) whether the claims alleged are likely to have merit, and (3) whether the claims were filed in good faith or, rather, it was clear at the time of filing that the court lacked the requisite jurisdiction. *Id.* at 1251. In the case at hand, all the factors weigh in favor of dismissing Petitioner's new claims outright.

First, these claims, if filed anew in the proper forum, would clearly be time-barred. *See* 28 U.S.C. § 2244(d)(1). AEDPA established a one year statute of limitations for bringing habeas petitions pursuant to § 2254. *Id*. The one year limitations period runs "from the latest of" four different triggering dates. *Id.* For this petition, the statute of limitations began to run the date on which the judgment became final by the conclusion of direct review or the expiration of time for direct review. *Id*. at § 2244(d)(1)(A). The one year statute of limitations is tolled during the time in which a

---

13). A review of the docket, however, reveals no such filing. Perhaps, Petitioner is referring to the Motion for a Certificate of Appealability which he attempted to file with the Tenth Circuit Court of Appeals. *Doc. 19*. In any event, Petitioner points to no record establishing that he has received authorization from the Tenth Circuit Court of Appeals to file a second or successive § 2254 application.

properly filed application for state post-conviction or other collateral review is pending. *Id.* at § 2244(d)(2).

As described above, Petitioner filed a direct appeal in his case, and the New Mexico Supreme Court denied certiorari review on January 25, 2002. Accordingly, his conviction became final for tolling purposes once his opportunity to seek certiorari review from the United States Supreme Court had passed. *See Locke v. Saffle*, 237 F.3d 1269, 1271 (10th Cir. 2001); *see also Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999). Thus, ninety days after January 25, 2002 - on April 25, 2002 - Petitioner's conviction became final. *See* SUP. CT. R. 13.1 (providing for timely filing for a writ of certiorari within ninety days after entry of the order in state court). Both Petitioner's claim of ineffective assistance of appellate counsel as well as his fundamental error claims were available to be made by him at the conclusion of direct review of his case and so the statute of limitations began to run against those claims on April 25, 2002.[2]

From the date Petitioner's conviction was final, April 25, 2002, until the filing of his state habeas petition, February 11, 2003, two hundred and ninety-two days elapsed

---

[2] In certain situations pertaining to claims of ineffective assistance of appellate counsel, it is proper to begin counting the AEDPA limitations period on the date the factual predicate for the claims can be discovered pursuant to § 2244(d)(1)(D), which may be later than the date of final judgment pursuant to § 2244(d)(1)(A). Here, however, Petitioner does not assert any factual predicate that would allow this Court to apply a later triggering date for his claims.

which counted against the statute of limitations for Petitioner's federal claims. The limitations period was then tolled while his state habeas petition was pending until May 6, 2003, when the New Mexico Supreme Court denied certiorari regarding the denial of that petition. This means that as of May 6, 2003, Petitioner had seventy-three days, or until July 18, 2003, to timely file a federal habeas application related to his claims of ineffective assistance of appellate counsel and fundamental error. Petitioner filed his first federal habeas action, *Quirino I*, on June 25, 2003, however that filing did not toll the statute of limitations for the claims raised in the instant petition. *See Duncan v. Walker*, 533 U.S. 167, 181 (2001) ("[A]n application for federal habeas court review is not an 'application for State post-conviction or other collateral review 'within the meaning of 28 U.S.C. § 2244(d)(2)"). Accordingly, since Petitioner did not file this action until April 3, 2009, his claims are over six years late and are thus time barred.[3]

Second, these claims lack any merit because they fail on their face to satisfy the standards for authorization. *See Cline,* 531 F.3d at 1252 (If a second or successive claim fails on its face to satisfy the standards for authorization, a district court does not abuse its discretion in refusing to transfer the motion). Neither of these claims are based on either a new rule of constitutional law, or newly discovered evidence as required by §

---

[3] In fact, even if the time during which his first federal petition was pending were excluded from the countable time, Petitioner would still be over 14 months late in filing the claims in the instant petition.

2244(b)(2).

Lastly, the final factor, whether the claims were filed in good faith or whether it was clear at the time of filing that the court lacked the requisite jurisdiction, also weighs in favor of outright dismissal.  At no point in his second petition does Petitioner make any credible attempt to explain why the claims raised are not barred under AEDPA's restrictions on second and successive petitions.  This failing, when added to the fact that Petitioner attempted to raise exactly the same ineffective assistance of trial counsel, prosecutorial misconduct, and judicial misconduct claims specifically rejected by this Court three years ago, point to the lack of good faith in this filing.

As a result, the Court concludes that a transfer of this action to the Tenth Circuit Court of Appeals is not in the interest of justice.  Instead, the action should be dismissed with prejudice.

**Wherefore,** because Petitioner has filed a second or successive petition without prior authorization from the Tenth Circuit Court of Appeals,

**IT IS HEREBY RECOMMENDED THAT:**

1) Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2244 as a Second or Successive Petition *(Doc. 14)* be **GRANTED**; and

2)  Jose Eduardo Castro Quirino's § 2254 habeas petition *(Doc. 1)* should be **DISMISSED** with prejudice.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE