IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSE EDUARDO CASTRO QUIRINO,

    Petitioner,

v.                                        No. CV 09-0342 RB/GBW

T. HATCH,

    Respondent.

# ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on several motions filed by Petitioner as well as the Magistrate Judge's Proposed Findings and Recommended Disposition, (*Doc. 20*), and Petitioner's Objections to those findings, (*Doc. 27*). The Magistrate Judge filed his Report and Recommendations on November 2, 2009. Following that filing, I issued an Order denying Petitioner's Motion for Certificate of Appealability. *Doc. 22.* Since then, Petitioner has filed a Motion for Reconsideration (*Doc. 24*), a Motion for Order (*Doc. 25*), a Motion for Evidentiary Hearing (*Doc. 26*), as well as his Objections (*Doc. 27*). I have carefully reviewed the Objections *de novo* and I accept the Magistrate Judge's findings and recommended disposition. *See Garcia v. City of Albuquerque,* 232 F.3d 760, 766-67 (10th Cir. 2000). Additionally, each of Petitioner's motions will be denied for the reasons stated herein.

## ANALYSIS

I.      Motion for Reconsideration (*Doc. 24*):

This Motion by Petitioner addresses my Order denying him a certificate of appealability ("COA"). Petitioner requests the Court to reconsider his motion for a COA. It appears from Petitioner's Motion that he misunderstands the purpose of a certificate of appealability. Pursuant to 28 U.S.C. § 2253, a COA is required where there is an appeal from a habeas corpus proceeding testing a detention based on process issued by a state court. 39A C.J.S. *Habeas Corpus* § 409 (2009). "Section 2253(c)(1)(A) provides that, unless a circuit justice or judge issues a COA, an appeal may not be taken from 'the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court.'" *Harbison v. Bell*, 129 S.Ct. 1481, 1485 (2009) (quoting the statute). As I stated in my Order denying Petitioner's initial request, no final order has been entered in this proceeding, and Petitioner may seek a certificate of appealability if and when he files a notice of appeal from a final order.[1] *See Doc. 21.* Accordingly, Petitioner's Motion for Reconsideration is denied.

II.     Motion for Order (*Doc. 25*):

This Motion by Petitioner asks the Court to issue an Order requiring the Northeast

---

[1] Petitioner may be confusing a COA with seeking authorization from the Tenth Circuit to file a second or successive petition under § 2244(b)(3)(A). As will be established *infra*, this misunderstanding is immaterial because Petitioner's application fails on its face to satisfy the requirements for authorization, and thus this Court has discretion to dismiss his petition outright. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).

New Mexico Detention Facility to provide Petitioner with free postage to answer his legal mail. *Doc. 25*. He complains that the institution is charging too much for postage which makes it difficult for him to afford the cost since he has mail being sent to three different courts.[2] *Id*.

This is not a proper claim to raise in a habeas suit. This claim relates to conditions of confinement, and therefore is not cognizable in a habeas corpus petition. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004) ("constitutional claims that merely challenge the conditions of a prisoner's confinement . . . fall outside of [the 'core' of habeas corpus]"); *Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000) (Federal claims challenging the conditions of confinement generally do not arise under § 2241); *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (A habeas corpus petition attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement; while a civil rights action, in contrast, attacks conditions of the prisoner's confinement).

Thus, should Petitioner wish to pursue this claim, he should pursue and exhaust his administrative remedies and then, if necessary, file a separate action under 42 U.S.C. § 1983. Accordingly, this Motion will also be denied.

---

[2] Petitioner does not state which other courts he is sending legal mail to or why, and the record is void of such information.

III.     Objections (*Doc. 27*):

In his Objections, Petitioner contends that he is not bringing any of the same claims he brought in his previous habeas petition, and he contends that his new claims have evidentiary merit.[3]  As the Magistrate Judge noted in his Report and Recommendations, this Court does not have jurisdiction to address the merits of a second or successive § 2254 claim until the Tenth Circuit has granted the required authorization.  *Doc. 20* at 4; *In re Cline*, 531 F.3d at 1251.  This is true regardless of whether the second or successive claims brought by Petitioner have previously been raised and adjudicated in a previous federal habeas application, or if they are claims being brought for the first time.  *See* 28 U.S.C. § 2254(b)(1)-(3); *see also Gonzalez v. Crosby*, 545 U.S. 524, 529-30 (2005).

The Tenth Circuit has further held that when a district court is presented with a second or successive habeas application, it has the discretion to either dismiss the petition for lack of jurisdiction or, if it is in the interest of justice, transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631.  *In re Cline*, 531 F.3d at 1252.  The Magistrate Judge applied this analysis and weighed the various factors articulated by the Tenth Circuit in

---

[3] Petitioner also seems to seek appointment of counsel in his Objections.  *See Doc. 27* at 2.  "[Petitioner] does not have a Sixth Amendment right to appointed counsel in a federal habeas proceeding." *Archuleta v. LeMaster*, 37 F. App'x 391, 393 (10th Cir. 2002) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)); *Parkhurst v. Shillinger,* 128 F.3d 1366, 1371 (10th Cir. 1997).  Factors the Court weighs when considering a motion for appointment of counsel include "'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)).  Here, Petitioner's application is second or successive and will be dismissed.  Thus, there is no need for appointed counsel at this time.

making his recommendation to dismiss Petitioner's application outright. *See Doc. 20*. Petitioner has not presented any argument or evidence to counter that analysis, but merely contends the Court should review his application on the merits. After careful review, I find the Magistrate Judge's reasoning persuasive and so Petitioner's Objections shall be overruled.[4]

IV.     Motion for Evidentiary Hearing (*Doc. 26*):

Lastly, Petitioner contends in both his Motion for Evidentiary Hearing and in his Objections that he is entitled to an evidentiary hearing on his claims. When dealing with habeas applications, federal courts are only required to hold evidentiary hearings where the facts are in dispute and an applicant did not receive a full and fair evidentiary hearing in state court. *See Townsend v. Sain*, 372 U.S. 293, 312-13 (1963). Here, since the district court does not have jurisdiction to review Petitioner's claims on the merits, there are no facts in dispute which would warrant an evidentiary hearing. Thus, Petitioner's Motion will be denied.

## CONCLUSION

After careful review of the record and the Magistrate Judge's Report and

---

[4] In his Objections, Petitioner also makes general allegations which are difficult for this Court to decipher. For example, Petitioner contends, "you violated the 10 days I was aword [sic] by the Judge of this court making it a due process violation." *Doc. 27* at 2. Presumably Petitioner is referring to the ten day period he had to file his Objections. Petitioner was given more than the required ten day period of time to file his Objections after the Magistrate Judge granted his motion for extension of time. *See Docs. 22 & 23*. Accordingly, Petitioner's contentions that this Court is violating his due process rights are without merit.

Recommendations, this Court finds that Petitioner's habeas application should be dismissed as a second or successive petition under 28 U.S.C. § 2244(b). Since the Tenth Circuit has not granted Petitioner the required authorization for this Court to review his claims, and all factors articulated by the Magistrate Judge support dismissal of his petition, Petitioner's application shall be dismissed without prejudice.[5]

Wherefore,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. Petitioner's Objections are overruled and, to the extent that it does not conflict with the findings of this order, the Magistrate Judge's Report and Recommendation (*Doc. 20*) is adopted.

2. Petitioner's claims are dismissed as second or successive pursuant to § 2244(b), and this action is dismissed without prejudice.

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE

---

[5] In his Report and Recommendations, the Magistrate Judge recommended dismissal with prejudice. However, *Cline* established that if a district court chooses to dismiss a habeas application rather than transfer it to the Tenth Circuit, the petition should be dismissed without prejudice.